# Chester Sage & Co., plaintiffs in error, vs. Andrew Keesecker, et al., defendants in error.

### *Error to Dubuque.*

A person having a mere right of possession cannot interpose a plea of *title*, in an action of trespass against him.

The plea of title, contemplated by the statute is such only, as may be legitimately pleaded specially, in contradistinction to the general issue.

A defendant in an action of trespass, who wished to protect himself by his right of possession to the *locus in quo*, by a title less than freehold, must plead the general issue.

This was an action of trespass upon lands, commenced before a justice of the peace, by Andrew Keesecker, Rudolph Noble, and John Cook, against Chester Sage.   The defendant put in a plea of title, and the case was removed to the District Court.   A trial was had at the November term 1843, and a verdict and judgment for five cents damages, and costs rendered for the plaintiffs.

On the trial the defendant offered to prove by witnesses, that they were entitled to the possession of the lands upon which the said trespasses were alleged to have been committed, and that they had a valid claim thereto at the time said trespasses were alleged to have been committed, and were then entitled to the possession thereof by virtue of said claim according to the laws of the land.   To the giving of which testimony the plaintiffs objected, and the objection was sustained.   The defendants excepted.

DAVIS & CRAWFORD, for plaintiffs in error, assign for error :

1. That the court below refused to permit the said Chester Sage & Co., to prove the title to the premises in which the alleged trespasses were charged to have been committed, by proving the same to be embraced in their " claim" to the public lands, according to the usage and

custom of the neighborhood, in which the same are situated, and in conformity with the law of this territory respecting claims of persons settled upon the public lands.

ROGERS, for defendants.

PER CURIAM, MASON, CHIEF JUSTICE.—In this case it will become necessary to decide whether a defendant, who, by interposing a plea of title, transfers an action of trespass from before a justice of the peace into the District Court, can there give in evidence a mere right of possession. What is to be understood by the "plea of title" mentioned in the statute, and what kind of title can be relied upon in support of such plea? Evidently only such as may be legitimately pleaded specially in contradistinction to the general issue. We know of no other plea of this nature but the plea of *liberum tenementum*, or freehold. 1 Chitty 541; Stephen on Pl. 314.

And what then must be done by a defendant in such an action who wishes to protect himself by the fact that he had the right of possession to the locus in quo by a title less than freehold? He must plead the general issue. The plaintiff in the first instance is only bound to show actual or constructive possession. But it is a good defence under the plea of *not guilty*, to show a right of possession in the defendant. Hyatt vs. Wood, 4 Johns. 150. Even a freehold title may be given in evidence under general issue, Ib. But still it may be pleaded specially because it does not negative color of title in the plaintiff. Chitty & Stephen *ut supra*. But the right of immediate possession cannot be specially pleaded as it would amount to the general issue; Collett vs. Flinn, 5 Cowen 466.

The defendant having brought a case into the District Court by a plea of title must rely upon that plea alone. Statutes of 1843, page 319, He cannot deny the trespass, nor resort to the proof of such title as would not be pleadable specially, and which could only be given in evidence under the general issue.

Judgment affirmed.